UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-09-883 |
| | § | (CIVIL ACTION NO. C-10-86) |
| LUIS ANGEL CIBRIAN-GONZALES | § | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Luis Angel Cibrian-Gonzales' (Cibrian-Gonzales) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 24. Cibrian-Gonzales filed a supplement which this Court construed as an additional ground in his § 2255 motion. D.E. 39, 40. Cibrian-Gonzales then filed a Motion for Proof of Claim. D.E. 43. The government filed its Response and Motion to Dismiss, and has moved to expand the record. D.E. 45. Cibrian-Gonzales has not filed a reply.

For the reasons set forth herein, the government's motion to expand the record (included in its Response (D.E. 45)) is GRANTED; Cibrian-Gonzales' section 2255 motion (D.E. 24) is DENIED, and the Court also DENIES him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTUAL BACKGROUND AND PROCEEDINGS

**A.     Summary of Offense**

Cibrian-Gonzales, a Mexican citizen, attempted to travel through the Falfurrias Border Checkpoint in September 2009, but he was determined to be ineligible to do so. Border Patrol agents further determined that Cibrian-Gonzales had previously been deported from the United

States in 2001. D.E. 1. He was arrested and charged with illegal reentry pursuant to 8 U.S.C. §§ 1326(a), (b). D.E. 8.

**B.     Criminal Proceedings**

After his arrest, Cibrian-Gonzales was appointed counsel. D.E. 5. He entered into a Plea Agreement in November 2009, and was rearraigned that same day. D.E. 12, 13. A Presentence Investigation Report (PSR) was prepared in January 2010. D.E. 16. Cibrian-Gonzales filed no objections to the PSR. D.E. 18. Cibrian-Gonzales was previously convicted of a federal drug trafficking offense in July 1999 and subsequently deported. D.E. 19.

At sentencing in for Cibrian-Gonzales' illegal reentry, the Court adopted the PSR and sentenced Cibrian-Gonzales to 46 months imprisonment, 3 years supervised release, no fine, and a $100 special assessment. D.E. 22.

Cibrian-Gonzalez did not appeal, but timely filed his motion pursuant to 28 U.S.C. § 2255.

### III.  MOVANT'S ALLEGATIONS

Cibrian-Gonzalez claims that his trial counsel was ineffective in the following respects: 1) for misleading him regarding the effect of his prior drug trafficking conviction on his sentencing; 2) failing to object to double counting of the drug offense in his base offense and again to determine his criminal history; 3) failing to write an unspecified letter to improve his children's access to medical care in Mexico and but for that promise, Cibrian-Gonzales would not have entered his guilty plea. D.E. 24. Cibrian-Gonzales further challenges the constitutionality of 18 U.S.C. § 1326 on the grounds that the law was vetoed by President Truman and is not a valid enactment of United States law. D.E. 38, 43.

## IV.  ANALYSIS

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.      Ineffective Assistance of Counsel**

Cibrian-Gonzales claims that trial counsel was ineffective. An ineffective assistance claim presented in a section 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the

length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[1]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**B.     Trial Counsel's Alleged Misrepresentations and Voluntariness of His Plea**

According to Cibrian-Gonzales, trial counsel told him that his drug trafficking conviction would not be counted for criminal history points because it would be counted to adjust his base level offense for illegal reentry and because of its age. D.E. 24 at ¶ 12. Cibrian-Gonzales further states that the misadvice "influenced" his decision to enter a guilty plea. Id.

Cibrian-Gonzales next claims that his trial attorney promised to write a letter that would improve the medical treatment for his children in Mexico and that he would not have pleaded guilty but for that alleged promise. D.E. 24 at 8. Notably, Cibrian-Gonzales does not state how an attorney in the United States could influence medical treatment for children living in Mexico.

Cibrian-Gonzales claims fall into three parts, that his plea was involuntary because of the allegedly broken promise and misadvice; the misadvice on the effect of his drug trafficking offense on his sentence; and the alleged promise to write a letter regarding Cibrian-Gonzales children's medical care. Each will be addressed separately.

---

[1]  "[T]his court adopted the "any amount of jail time" test in United States v. Grammas. This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland. This court determined that the "any amount of jail time" test applies where the defendant was convicted after the Supreme Court's decision in Glover." Id. (internal citations omitted).

       1.     *Voluntariness of guilty plea*

The record in this case contradicts Cibrian-Gonzales' claim that his plea was not knowing and voluntary. The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). At the time that he pleaded guilty, the Court fully assured itself that his plea was knowing and voluntary. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991) (defendant must have a full understanding of what the plea connotes and of its consequences).

At rearraignment, the Court confirmed with Cibrian-Gonzales that it was his signature on the Plea Agreement and that his attorney had gone over the entire agreement with him in Spanish, as well as answered his questions. D.E. 31 at 15. The Plea Agreement states that the government has not promised or made any representations as to the sentence that will be imposed by the Court, that the sentence will be determined by reference to the Sentencing Guidelines by the Court, and that any estimate of his sentence by counsel, the United States, or Probation, "is a prediction, not a promise." D.E. 13. Cibrian-Gonzales confirmed during rearraignment that he had been promised nothing other than expressed in the Plea Agreement. Id. at 13-14.[2] The Court further admonished Cibrian-Gonzales regarding the consequences of his plea, including that a prior felony offense would enhance his base offence and that his criminal

---

[2]  3 THE COURT: Remember I told you at the beginning if
4 you didn't hear, let me know. Has anyone promised you
5 anything that's not in that plea agreement, such as has
6 anyone promised you leniency or that you would get a motion
7 for downward departure? Mr. Cibrian?
8 THE DEFENDANT: No.
Id.

history would also affect the calculation of his sentence. Id. at 16-19. The Court specifically admonished Cibrian-Gonzales that his prior felony drug trafficking conviction would increase his offense characteristics by 16 levels and asked whether he understood how the offense could affect the Guideline calculations. Cibrian-Gonzales testified that he understood and had discussed it with his attorney. Id. at 17-18.[3] The Court asked Cibrian-Gonzales whether his guilty plea was voluntary and he said that it was. Id. at 19.

The Court informed Cibrian-Gonzales of the charge against him; he testified that he understood it. Id. at 8-9. Cibrian-Gonzales testified that he had met with his attorney, his attorney and he were communicating well, that he was pleading guilty because he wanted to plead guilty, that he waived his trial rights, and that he was satisfied with his attorney. D.E. 31 at 6-7, 8-11,

---

[3] 10 THE COURT: And for Mr. Cibrian . . .
11 . . . if you have felony convictions it would increase your
12 offense characteristics anywhere from four to 16 levels. Do
13 you understand these matters and have you discussed them with
14 your attorney?
15 * * * * * * *
16 THE COURT: Ms. Cibrian -- Mr. Cibrian?
17 THE DEFENDANT: Yes.
18 * * * * * * *
22 THE COURT: Felony convictions? For Mr. Cibrian?
23 MS. WINTER: Yes, Your Honor. For Mr. Cibrian, he
24 was convicted of possession with intent to distribute
25 marijuana on February 16th of 1999.
1 THE COURT: That would be -- is that before his last
2 deportation?
3 MS. WINTER: It was, Your Honor.
4 THE COURT: That would be a 16-level increase. Do
5 you understand that and have you discussed that with your
6 attorney?
7 THE DEFENDANT: Yes.
8 * * * * * * *
9 THE COURT: All right. So do you understand how
10 these matters could affect your guidelines and have you
11 discussed them with your attorney?
12 * * * * * * *
13 THE COURT: Mr. Cibrian?
14 THE DEFENDANT: Yes.

19. Consistent with Rule 11, the Court explained to Cibrian-Gonzales that the maximum sentence in this case was twenty years. Id. at 15/16. Cibrian-Gonzales testified that he understood. Id.

Cibrian-Gonzales' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Cibrian-Gonzales' sworn statements preclude the relief he seeks here. He was not coerced; he understood the charges against him; he understood the trial rights he was giving up; he understood the possible maximum sentence he faced; and he understood how the sentencing guidelines would operate including the effect of his prior drug trafficking conviction. Cf. Garcia, 983 F.2d at 627-28 (setting forth core concerns in guilty plea proceedings).

> 2. *Cibrian-Gonzales' claim that he was mislead about the effect of his prior drug trafficking charge*

Trial counsel filed an Affidavit in which he states that he told Cibrian-Gonzales that the drug trafficking would count to increase his base level offense and to determine his criminal history points. D.E. 35-1 at ¶¶ 7-8. The Court also admonished Cibrian-Gonzales that his sentence would be determined by both his offense level and his criminal history as recited *infra* subsection IV(B)(1) at pages 5-6. Cibrian-Gonzales testified that he had discussed these issues with this attorney. Even if counsel had failed to explain (which counsel denies), the Court provided Cibrian-Gonzales with the required information before Cibrian-Gonzales entered his plea.

In light of the affidavit of counsel, the Plea Agreement, the admonishments, and Cibrian-Gonzales' testimony at rearraignment, Cibrian-Gonzales' claim that he was mislead as to the

effect of his prior drug trafficking offense on his possible sentence is not supported by the evidence and could not have resulted in prejudice to him. See Carter, 131 F.3d at 463 ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). Cibrian-Gonzales' claim of ineffective assistance on this grounds fails.

>  3. *Counsel's alleged failure to write a letter to improve health care of Cibrian-Gonzales' children in Mexico*

During his plea colloquy, Cibrian-Gonzales testified that he was promised nothing other than what was set out in his Plea Agreement. He testified that he was satisfied with the efforts of his attorney both at rearraignment before he pleaded guilty and at sentencing. D.E. 31 at 7; D.E. 32 at 3. Trial counsel acknowledged that he was aware of the family situation, but denies that he promised any assistance. D.E. 35-1 at 10. Cibrian-Gonzales does not state any details about the letter counsel allegedly agreed to write, to whom it would be sent, or how it could have made any difference.

The record does not support Cibrian-Gonzales' claim that counsel made the promise or how he has been prejudiced by the alleged failure. See Id. Cibrian-Gonzales' claim of ineffective assistance on this ground fails.

**C.    Trial Counsel's Alleged Ineffective Assistance at Sentencing for Failure to Object to Double-Counting**

Cibrian-Gonzales claims that trial counsel should have objected to the double counting of his prior drug trafficking offense at sentencing and that he was prejudiced because the failure to object caused Cibrian-Gonzales' sentence to be significantly longer. D.E. 24 at 6. The base offense level for illegal reentry is 8. That base level was increased by 16 points based upon Cibrian-Gonzales' prior drug trafficking offense according to § 2L1.2(b)(1)(A) of the United

States Sentencing Guidelines, 2009 Edition. That same offense was considered in his criminal history calculation pursuant to U.S.S.G. § 4A1.1(a).

Cibrian-Gonzales claims that counting the same conviction in both computations is improper double counting. According to the Fifth Circuit, "Double counting is impermissible only where the guidelines at issue prohibit it." United States v. Gaytan, 74 F.3d 545, 560 (5th Cir. 1996); accord United States v. Moyers-Saenz, 388 Fed. Appx. 450, 451 (5th Cir. 2010) (unpublished) (confirming that double counting proper under illegal reentry Guidelines). The Sentencing Guideline Manual specifically approved the calculations here. The Commentary to section 2L1.2, at note 6 on the Computation of Criminal History Points states, "A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." Id.

Because the Guidelines were properly calculated, trial counsel was not ineffective for failing to object and Cibrian-Gonzales sustained no prejudice. See United States v. Kimmler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). This ground fails.

**D.     8 U.S.C. § 1326(a) Was Duly Enacted**

Cibrian-Gonzales claims that the statute under which he was convicted, 8 U.S.C. § 1326(a) was not duly enacted and is void. Congress passed the Immigration and Nationality Act in 1952. President Truman vetoed the bill, but Congress overrode the veto and passed the bill which then became law. McCarran-Walter Act, Immigration and Nationality Act of 1952, Pub.

L. No. 82-414, 66 Stat. 163 (1952). The Immigration and Nationality Act of 1952 is now codified at Chapter 8 of the United States Code.

Cibrian-Gonzales misapprehends the effect of the Presidential veto by President Truman in 1952. Once Congress overrode that veto, the statute was signed into law and has been in full effect, with amendments, since 1952. See I.N.S. v. Chadha, 462 U.S. 919, 993 (1983) (reviewing history of Act, "Legislation . . . was passed by both Houses, and enacted into law as part of the Immigration and Nationality Act of 1952 over President Truman's veto . . . . Pub. L. No. 414, 66 Stat. 163, 214 (1952)."). The statute under which Cibrian-Gonzales was prosecuted was the duly enacted law of the United States at the time of his prosecution. No constitutional violation is shown.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2)."The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Although Cibrian-Gonzales has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested); see also Rivers v. Quarterman, 661 F. Supp.2d 675, 703 (S.D. Tex. 2009).

Because Cibrian-Gonzales has not made the required substantial showing of the denial of a constitutional right, his claims do not require this Court to certify any issue for appellate consideration. This Court will not issue a COA.

## VI. CONCLUSION

For the foregoing reasons, Cibrian-Gonzales' motion to vacate, set aside or correct his sentence (D.E. 24) is DENIED. Additionally, Cibrian-Gonzales is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 19th day of January, 2011.

_____
Janis Graham Jack
United States District Judge